Petee M. Daly, J.
Plaintiffs move for entry of final judgment upon tlie report of an Official Referee who took and stated an account pursuant to an interlocutory judgment. Defendant cross-moves for an order vacating the hearing before the Official Referee and all proceedings had and reports, findings, determinations and orders made and entered after May 1, 1959.
The interlocutory judgment herein, dated February 5, 1959, and granted by the court after a trial, directed that plaintiffs have judgment against defendant for an accounting; that defendant file and serve his account within 20 days after service of a copy of the judgment, with notice of entry; that thereafter plaintiffs have 20 days within which to file their objections to the account; that the account be taken and stated by an Official Referee, and that final judgment be entered upon the filing of the Referee’s report.
On March 9,1959, which was within 30 days after service of a copy of the interlocutory judgment upon him, defendant served and filed a notice of appeal to the Appellate Division. No undertaking was served at that time.
The Official Referee directed the defendant to file his account by April 20, 1959. Objections thereto were to be filed by April 27, 1959, and a hearing was set down for May 4, 1959. On May 1, 1959, defendant served an undertaking in the sum of $500. He failed to appear for the hearing before the Official Referee on May 4.
Defendant contends that the service of the undertaking stayed all further proceedings. But this is not so. Section 573 of the Civil Practice Act provides that a stay results on an appeal to the Appellate Division where the appeal has been perfected “ and the other acts required to be done to stay the execution of the judgment or order appealed from have been done ”. Section 615 of the Civil Practice Act provides that on an appeal to the Appellate Division a stay of execution results without an order when the appellant gives an undertaking equivalent to that prescribed by section 593 of the Civil Practice Act together with proof of compliance with provision (b) of sections 594, 595, 596, 597 or 598, whichever is applicable, “ or, by order of the supreme court or a justice thereof upon any terms as to security or otherwise as justice requires ”. And, finally, section 598-a of the Civil Practice Act, captioned ‘ ‘ Stay of execution, pending appeal, by order ”, provides: “ If an appeal is taken from a judgment or order not subject to stay without an order pur *1017 suant to sections five hundred ninety-four to five hundred ninety-eight inclusive, a stay of the execution of the judgment or order results only when the appellant gives the undertaking prescribed in section five hundred ninety-three and the supreme court or the appellate division or the court of appeals or a judge of any of said courts grants a stay in the exercise of discretion upon such terms as to security or notice or otherwise as justice requires.” (Emphasis supplied.)
Defendant himself concedes that sections 594 to 598 of the Civil Practice Act are inapplicable to the judgment here. Such being the ease, under the explicit provisions of section 598-a, a stay of execution could only result when defendant gave the undertaking prescribed in section 593 and obtained a stay from “ the supreme court or the appellate division * * * or a
judge ” thereof. The latter requirement not being met, no stay resulted.
Defendant claims that he was misled by plaintiffs’ attorney’s objection to the undertaking. This may be so but defendant was required to know what steps were necessary to obtain a stay.
Accordingly, plaintiffs’ motion is granted and defendant’s cross motion is denied.
Submit order.